THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMAR ANTONIO BEAVER, | Case No. C08-430-JCC |
| Petitioner, | ORDER |
| v. | |
| BRUNO STOLC, | |
| Respondent. | |

This matter comes before the Court on Petitioner's Objections (Dkt. No. 54) to the Report and Recommendation of Magistrate Judge Theiler. (Dkt. No. 53.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R for the reasons explained herein.

I.  BACKGROUND

The factual circumstances of this case have been well documented. (*see* R&R ¶¶ 1–5 (Dkt. No. 53 at 1–4).) Petitioner is currently in custody pursuant to his convictions for attempted robbery in the first degree, assault in the first degree, assault in the second degree, and unlawful possession of a firearm in the first degree. (*Id*.) Petitioner's attempted robbery and assault charges all received deadly-weapon enhancements. (*Id*.) Petitioner filed a petition for writ of habeas corpus, which the Honorable Judge Theiler recommended be denied in her

ORDER
PAGE - 1

Report and Recommendation. (*Id*. ¶ 1.) Petitioner now asks this court to reject Judge Theiler's R&R with respect to the weapon enhancement aspects of his convictions. (Obj. (Dkt. No. 54).) For reasons stated below, Petitioner's request is DENIED.

## II.   APPLICABLE LAW

To succeed in his habeas petition, Petitioner must establish that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). In his Objection, Petitioner challenged only the double jeopardy analysis of the R&R with respect to the deadly weapon sentence enhancements. (Obj. ¶ 2 (Dkt. No. 54 at 1).) The Double Jeopardy Clause of the Fifth Amendment guards against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The test for determining whether separate punishments may be imposed for multiple offenses that arise out of a single transaction is found in *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* analysis turns upon whether each potential statutory violation requires a "proof of fact that the other does not;" if so, then multiple offenses may be charged. 284 U.S. at 304. Thus Petitioner must establish that the deadly weapon enhancement of his sentence was contrary to, or an unreasonable application of, clearly established federal law concerning double jeopardy.

## III.   DISCUSSION

### A.   Petitioner's Arguments

Though Petitioner's arguments remain, as Judge Theiler noted, "somewhat confusing," it appears that he is yet again asserting the same arguments that were rejected both on direct appeal to the state courts and by Judge Theiler. (R&R ¶ 23 (Dkt. No. 53 at 11).) Petitioner claims that the three deadly weapon enhancements he received for his attempted robbery and assault charges violate both due process and double jeopardy because only two weapons were involved in the crimes. (Obj. ¶ 5 (Dkt. No. 54 at 2).) In support of his argument, Petitioner

ORDER
PAGE - 2

1  cites numerous cases, including: *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v.*
2  *Gaddis*, 424 U.S. 544 (1976), *United States v. Arbelaez*, 812 F.2d 530, 533 (9th Cir. 1987),
3  *United States v. Wilson*, 781 F.2d 1438 (9th Cir. 1986), and *United States v. Valentine*, 706
4  F.2d 282 (10th Cir. 1983). None of these cases are relevant to Petitioner's circumstances.

### B.  Firearm Enhancements and Habeas Petitions

Petitioner has failed to cite authorities that would suggest that the firearm-enhanced portions of his sentence contravene federal law concerning double jeopardy. On direct appeal, the Court of Appeals already rejected Petitioner's challenges to the firearm enhancements. (R&R ¶ 26 (Dkt. No. 53 at 11–12).) They did so on the grounds that the Washington legislature has clearly indicated that (1) firearms enhancements are to be imposed even when possession or use of a firearm is an element of the underlying offense, and (2) multiple enhancements are to be imposed for a single act of using or possessing when possible. (*See* Dkt. No. 35, Ex. 3 at 12–13.) Petitioner has not given any reason to suspect that these enhancement policies are contrary to, or involve unreasonable applications of, clearly established federal law.

Petitioner's claims of a double jeopardy violation might carry some weight if, say, he had been convicted on two separate accounts of unlawful possession of a firearm in the first degree. Where, however, Petitioner is charged with four distinct offenses, the use of a single firearm to enhance three of these sentences does not suddenly render them in violation of double jeopardy. Under the *Blockburger* standard for double jeopardy, these offenses retain their distinguishing proofs of fact, irrespective of any firearm enhancement. 284 U.S. at 304.

The cases Petitioner relies upon do not explain how firearm enhancement might constitute a violation of the *Blockburger* standard. The *Apprendi* Court was dealing with sentences that exceed statutory maximums. 530 U.S. 466. The *Gaddis* Court analyzed the overlapping offenses of bank robbery and possession of robbery proceeds, and explained how they were not meant to be triggered by the same transaction. 424 U.S. at 547. The *Arbelaez*

ORDER
PAGE - 3

court determined that a single act of giving cocaine to another could not give rise to both the offense of aiding and abetting distribution of cocaine and the offense of aiding and abetting possession of cocaine. 812 F.2d at 533. The court in *Valentine* required that simultaneous receipt or possession of more than one firearm could only constitute one offense per relevant statute. 706 F.2d at 294. And finally, the court in *Wilson* held that a defendant could only be convicted and sentenced for one of the many possible sequential offenses involved in the manufacture of PCP. 781 F.2d at 1440.

If Petitioner wishes to argue that the Washington legislature's firearm enhancement policy somehow contravenes federal law, he must do more than cite irrelevant precedent. As it stands, Petitioner has done nothing to suggest that multiple firearm enhancements stemming from a single firearm can violate the Fifth Amendment's prohibition against double jeopardy. Consequently, Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.

**IV.    CONCLUSION**

For the foregoing reasons, the R&R (Dkt. No. 53) is ADOPTED. Petitioner's federal habeas petition (Dkt. No. 7) is DENIED and this action is DISMISSED with prejudice. The Clerk shall direct copies of this Order to all counsel of record and to Judge Theiler.

DATED this 9th day of June, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE