THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMAR ANTONIO BEAVER, | Case No. C08-430-JCC |
| Petitioner, | ORDER |
| v. | |
| BRUNO STOLC, | |
| Respondent. | |

This matter comes before the Court on Petitioner's Motion for a Certificate of Appealability. (Dkt. No. 58.) Having thoroughly considered Petitioner's motion and the relevant record, the Court hereby DENIES Petitioner's motion for reasons explained herein.

Petitioner received a dismissal of his application for a writ of habeas corpus (Dkt. No. 56) on June 6, 2010. Later that day, Petitioner timely filed a Motion for a Certificate of Appealability. (Dkt. No. 58.)

If Petitioner is to appeal denial of a writ of habeas corpus, this Court must first issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires Petitioner to show that reasonable jurists would find the district court's assessment of the constitutional claims to be

ORDER
PAGE - 1

debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A decision on a constitutional claim meets this standard when it is debatable among jurists of reason, a court could resolve the issue in a different manner, or the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000).

Petitioner contends, again, that the prohibition against double jeopardy and his due process rights have been violated. (Mot. 1–2 (Dkt. No. 58).) Petitioner claims that the firearm-enhanced portions of his sentence contravene constitutional law because "[he] has been punished 3 separate times (for a total of 11 years in prison) even though only two firearms were involved in the incident." (Mot. 2 (Dkt. No. 58).) Petitioner's argument is identical to the one he made on his denied habeas petition, as well as the argument that was rejected on appeal to the state courts. Petitioner is re-alleging that it is a violation of due process and the prohibition against double jeopardy for the number of firearm enhancements to exceed the number of firearms used in a crime.

This Court previously found that Petitioner had failed to show that enhancing three of his crimes with fewer than three firearms amounted to a constitutional violation. (*See* Order (Dkt. No. 56).) Petitioner's regurgitated argument also fails. Petitioner has not made a substantial showing of the denial of a constitutional right, nor has he cited authorities that indicate that this Court's assessment of this case was debatable or wrong. This Court has already explained why Petitioner's cited precedent is not relevant to his situation. (*See* Order 3–4 (Dkt. No. 56).) Petitioner's argument is baseless and unsupported, especially in light of the Washington legislature's clear indication that: (1) firearm enhancements are to be imposed even when the possession or use of a firearm is an element of the underlying offense, and (2) multiple enhancements are to be imposed for a single act of using or possessing when possible. (*See* Dkt. No. 35 Ex. 3 at 12–13.) No reasonable jurist could rely on irrelevant precedent and ignore legislative intent so as to create a debatable matter here.

ORDER
PAGE - 2

1   Petitioner's Motion for a Certificate of Appealability (Dkt. No. 58) must be DENIED.

2   DATED this 6th day of July, 2010.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3